UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

CARLOS MIGUEL GONZALEZ
MONTILLA,

     Petitioner,

v.             No. 1:26-CV-00362-H

WARDEN, BLEUBONNET DETENTION
FACILITY,[1]

     Respondent.

## ORDER

Petitioner filed an emergency motion for temporary restraining order (TRO), Dkt. No. 4, and motion for appointment of counsel, Dkt. No. 5. As explained below, the Court denies the motions.

**1. Emergency TRO**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A TRO is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Facility is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

Moreover, a federal court may issue a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

Here, Petitioner seeks relief on an emergency basis, but he has not met the requirements for emergency relief. He did not include a declaration under penalty of perjury, nor did he allege specific facts that clearly show a threat of immediate and irreparable injury. Thus, he is not entitled to relief without giving the respondent the opportunity to be heard.

The Court also finds that Petitioner has not met the required elements for a TRO. He has not demonstrated a substantial likelihood of success on the merits. It appears, based on Petitioner's pleadings, that he is subject to mandatory detention under Section 1225(b)(2)(A) as

an applicant for admission.[2] Moreover, Petitioner's motion seeks vague, unspecified injunctive relief. *See* Dkt. No. 4. To the extent Petitioner seeks to prevent his transfer to another facility, the request is unnecessary. Petitioner's transfer will not affect the Court's jurisdiction. Jurisdiction attaches on the initial filing of a petition and is not destroyed by the transfer of a petitioner and accompanying custodial change. *See Griffin v. Ebbert*, 751 F. 3d 288, 291 (5th Cir. 2014).

And, to the extent that Petitioner asks the Cour to prevent his removal, the Court must deny the motion for lack of jurisdiction. "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)). The passage of that act also divested district courts of jurisdiction to consider requests for a stay of removal proceedings. *See, e.g., Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (per curiam) (citing 8 U.S.C. § 1252(g) and *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482 (1999)). The court therefore lacks jurisdiction to stay Petitioner's removal.

For these reasons, the Court denies the motion for TRO.

**2.    Appointment of Counsel**

Next, Petitioner requests appointment of counsel. Dkt. No. 5. A court may appoint counsel to represent a person pursuing federal habeas corpus relief. 18 U.S.C. § 3006A. But

---

[2]Under those circumstances, and consistent with Fifth Circuit precedent, the Court has found that the Fifth Amendment does not require release. *See, e.g., Higareda-Cano v. Noem*, No. 1:25-CV-225, 2026 WL 274495 (N.D. Tex. Jan. 30, 2026); *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418 (N.D. Tex. Jan. 15, 2026); *Garibay-Robledo v. Noem*, __ F. Supp. 3d __, No. 1:25-CV-177, 2026 WL 81679 (N.D. Tex. Jan. 9, 2026); *Gomez Hernandez v. Lyons*, No. 1:25-CV-216, 2026 WL 31775 (N.D. Tex. Jan. 6, 2026); *Montelongo Zuniga v. Lyons*, ___ F. Supp. 3d ___, No. 1:25-CV-221, 2025 WL 3755126 (N.D. Tex. Dec. 29, 2025). However, because Petitioner's pro se petition does not contain enough information for the Court to make a final, informed determination, the Court will require Respondent to file a response and provide relevant records.

there is no Sixth Amendment right to appointed counsel in habeas actions. *Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). A court may appoint counsel for a financially eligible habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *see also* Misc. Order No. 3 (N.D. Tex. Dec. 20, 2018).

Here, Petitioner has not shown that he is financially eligible, nor has he demonstrated that the interests of justice require appointment of counsel at this stage of the case. Petitioner submitted organized, thoughtful arguments in his petition and attached relevant supporting documents. He has not shown that his case is so legally or factually complex that he is unable to adequately investigate and present his claims and no hearing has been scheduled.

The Court may appoint counsel if, upon review of the pleadings and relevant records, the Court determines Petitioner is financially eligible and that he may be eligible for relief, that an evidentiary hearing is required, or that the Court would benefit from briefing filed by counsel on his behalf. Petitioner's motion for appointment of counsel, Dkt. No. 5, is denied at this time.

This habeas petition remains pending, and the Court will enter a separate show cause order requiring an answer from the respondent and setting a briefing schedule.

So ordered on July 29, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

– 4 –